UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

RICHARD GINTHER,

    Plaintiff,

v.

JOHN HERBECK'S AUTO REPAIR, INC.,
a Florida corporation, and DREW CIBA, an
individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, RICHARD GINTHER, by and through undersigned counsel, and sues Defendant, JOHN HERBECK'S AUTO REPAIR, INC. and DREW CIBA, and alleges as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff, RICHARD GINTHER, brings this action against Defendants to recover unpaid minimum wages and overtime wages owed by Defendants to Plaintiff pursuant to Plaintiff's employment agreement with the Defendants.

2.    Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206 and 207 and the Florida Minimum Wage Act, §448.110, Florida Statutes ("FMWA").

3.    The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida.

5. At all times material hereto, JOHN HERBECK'S AUTO REPAIR, INC., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto, JOHN HERBECK'S AUTO REPAIR, INC., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, JOHN HERBECK'S AUTO REPAIR, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. Defendant, DREW CIBA, is an officer and/or owner of Defendant, JOHN HERBECK'S AUTO REPAIR, INC., and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

9. At all times material hereto, DREW CIBA was Plaintiff's employer as defined by law.

10. At all times material hereto, Plaintiff was individually engaged in commerce while working for the Defendant.

11. All conditions precedent have occurred or have been waived.

12. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from the Defendant.

**COUNT 1: FLSA RECOVERY OF OVERTIME WAGES**

13. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiff worked for Defendants from approximately January 20, 2018 to October 11, 2019.

15. During the time period mentioned above, Plaintiff worked for Defendants as a line mechanic.

16. Plaintiff's primary duties and responsibilities included diagnosing and repairing customer vehicles.

17. The Defendants initially agreed to pay the Plaintiff $12.00 per hour and payment of earned wages was to be made on a weekly basis. Plaintiff received two wage increases of $1.00 each.

18. Plaintiff was scheduled to work Monday through Friday from 7 a.m. to 6 p.m. and from 8 a.m. to 1 p.m. on Saturdays.

19. During one or more workweeks, Defendants did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

20. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

21. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages.

22. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: FLSA RECOVERY OF UNPAID WAGES

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 above as if fully set forth herein.

24. Plaintiff worked for Defendants from approximately January 20, 2018 to October 11, 2019.

25. During the time period mentioned above, Plaintiff worked for Defendants as a line mechanic.

26. Plaintiff's primary duties and responsibilities included diagnosing and repairing customer vehicles.

27. The Defendants initially agreed to pay the Plaintiff $12.00 per hour and payment of earned wages was to be made on a weekly basis. He received two wage increases of $1.00 each.

28. Plaintiff was scheduled to work Monday through Friday from 7 a.m. to 6 p.m. and from 8 a.m. to 1 p.m. on Saturdays.

29. During one or more workweeks, Defendants did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

30. Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

31. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages.

32. Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: FMWA RECOVERY OF UNPAID WAGES

33. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 12 above as if fully set forth herein.

34. Plaintiff worked for Defendants from approximately January 20, 2018 to October 11, 2019.

35. During the time-period mentioned above, Plaintiff worked for Defendants as a line mechanic.

36. Plaintiff's primary duties and responsibilities included diagnosing and repairing customer vehicles.

37. The Defendants agreed to pay the Plaintiff $12.00 per hour and payment of earned wages was to be made on a weekly basis. He received two wage increases of $1.00 each.

38. Plaintiff was scheduled to work Monday through Friday from 7 a.m. to 6 p.m. and from 8 a.m. to 1 p.m. on Saturdays.

39. During one or more workweeks, Defendants did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the Florida Minimum Wage Act, §448.110, Florida Statutes ("FMWA").

40. Plaintiff was unlawfully denied minimum wages in violation of the FMWA, §448.110, Florida Statutes.

41. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: BREACH OF CONTRACT

42. Plaintiffs reallege all of the matters set forth in paragraphs 1 through 12 as if fully set forth herein.

43. Plaintiff and Defendants entered into the Contract, pursuant to which Plaintiff agreed to provide mechanical services to Defendant in exchange for compensation in the initial amount of $12.00 per hour, then $13.00 per hour, then $14.00 per hour.

44. Defendants breached the Contract by, *inter alia*, failing to pay Plaintiff for all hours worked.

45. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

WHEREFORE, the Plaintiff, demands judgment against Defendants, for damages, together with prejudgment and post judgment interest thereon, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: UNJUST ENRICHMENT

46. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 12 above as if fully set forth herein.

47. Plaintiff provided services to Defendants by serving as a line mechanic.

48. By serving as a line mechanic to Defendants, Plaintiff conferred a benefit on Defendants, and Defendants had knowledge of that benefit.

49. Defendants voluntarily accepted and retained that benefit conferred on them by Plaintiff.

50. The circumstances are such that Defendants' retention of the benefit is inequitable unless the Defendants pay to Plaintiff the value of the benefit.

51. Defendants have been unjustly enriched at the expense of the Plaintiff.

52. Plaintiff is entitled to damages as a result of Defendants' unjust enrichment.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 31st day of January, 2020.

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff